UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANG CHI WU, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 1:19-cv-12408-IT |
| | * |
| UNITED STATES CITIZENSHIP AND | * |
| IMMIGRATION SERVICES, | * |
| | * |
| Respondent. | * |

MEMORANDUM AND ORDER

December 17, 2019

TALWANI, D.J.

In 1981, this court naturalized Petitioner Hang Chi Wu and issued a Certificate of Naturalization. Wu now seeks to correct her birth date on her naturalization certificate. Mot. to Am. Certificate of Naturalization ("Mot. to Am.") [#1]. The United States Citizenship and Immigration Services (USCIS) opposes the motion. For the following reasons, Wu's motion is ALLOWED.

I. Background

The following facts were provided by Wu and have not been disputed by USCIS. Wu was born in the Republic of China in 1952. Revised Affidavit of Hilda Hang Chi Wu ("Wu Second Affidavit"), Ex. B – Notarial Certificate & Translation Certificate [#16]. In 1974, she travelled to Hong Kong where her father lived. Wu Second Affidavit, ¶ 7. Her father entered her birth year as 1955 on forms so that she could attend school. Id. ¶ 9. Later, her father helped Wu apply for refugee status and resettlement in the United States. Id. ¶ 11. He filled out her paperwork and again incorrectly listed her birth year as 1955. Id.

In the United States, Wu used her real birth date on her medical records, and with the

Massachusetts Registry of Motor Vehicles. Id. ¶¶ 14-15. Medicare also uses her correct birth date. Id. ¶ 15.

Wu subsequently applied for naturalization and again incorrectly entered her birth year as 1955. Id. ¶ 13. The court granted naturalization, and issued a Certificate of Naturalization on May 21, 1981, that included the incorrect date of birth that she had provided. Id., Ex. A – Certificate of Naturalization. Wu asked at the naturalization ceremony about correcting her date of birth and an official told her it would be easier to do so later. Id. ¶¶ 18-19.

Wu unsuccessfully sought to correct her birth date with immigration officials on multiple occasions. Id. ¶ 4; see also id., Ex. E – Communications with INS and USCIS. In 2003, she corrected her birth date with the Social Security Administration. Id., Ex. E – Communications with INS and USCIS.

II. Jurisdiction and Standard of Review

The parties agree that, pursuant to Fed. R. Civ. P. 60(b)(6), this court can amend a judgment it has entered, including a naturalization certificate. Under Rule 60(b)(1) through (b)(5), a judgment may be amended for a series of reasons not applicable here, while Rule 60(b)(6) allows amendment "for any other reason that justifies relief." A motion under 60(b)(6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) is "extraordinary relief" requiring a party show (1) the existence of exceptional circumstances justifying extraordinary relief, (2) the absence of unfair prejudice to the opposing party, and (3) timeliness. Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir. 1992).

III. Analysis

The court begins by considering Wu's need for amending the certificate judgment and

whether the government will be prejudiced by amendment. See Kouanchao v. U.S. Citizenship and Immig. Servs., 358 F.Supp.2d 837, 838-39 (D. Minn. 2005). Wu states that she will not be able to get a driver's license without amendment. Mot. to Amend 3-4 [#1]. This may not be correct, as Wu presumably can obtain a driver's license that is not compliant with the Real ID Act of 2005, Pub. L. 109-13, 119 Stat. 302. See 6 C.F.R. § 37.71 (allowing states to issue driver's licenses and identification cards that are not compliant with the Real ID Act); 540 C.M.R. §§ 2.06(3)(b, c) (differentiating between Massachusetts driver's licenses that are Real ID Act compliant and "standard licenses" that are not).

At the same time, amending the judgment granting Wu naturalization would allow Wu to obtain a Real ID Act compliant driver's license. Ensuring that she uses a single, correct birthdate serves the Congressional purpose of the Real ID Act by improving the reliability and accuracy of her state-issued identification documents. See H.R. Conf. Rep. No. 109-72, at 303 (2005) (stating that one of the purposes of the Real ID Act is to "improve the ability of law enforcement . . . to confirm the identity of individuals presenting state issued driver's licenses"). Since Wu has consistently used her correct birth date with various state and federal governmental agencies, amendment will bring her certificate of naturalization in alignment with her other governmental documents.

In addition, there is no disputed fact such that it would burden the government for the court to amend the original judgment. Wu has submitted proof that her true birth date is 1952 not 1955 and the government does not contest the document's validity. Wu Second Affidavit, Ex. B – Notarial Certificate [#16]. The government does not allege that Wu is engaged in fraud or has bad faith motivations in filing to correct the court's judgment. Accordingly, the government is not prejudiced by the correction of the original naturalization judgment.

Timeliness is a more difficult hurdle. Wu certainly should have filed her motion earlier. However, the listing of Wu's incorrect birth date in the court's original judgment granting her naturalization remains a present and ongoing problem for both Wu and the government since the judgment does not correspond with her other governmental documents with a correct birthdate. On the unique facts in front of the court, the court finds that amending the judgment is timely so that the continuing harm caused by the incorrect information in the court's judgment can be cured. See Shin v. U.S. Citizenship and Immig. Servs., 2013 WL 571781 at *3 (C.D. Cal. 2013) ("[W]hat constitutes a reasonable time depends upon the facts in each case.").

Thus, after engaging in an "holistic appraisal of the circumstances," Ungar v. Palestine Liberation Org., 599 F.3d 79, 83-84 (1st Cir. 2010), the court determines that correction of the judgment granting Wu naturalization in order to list her correct birth date is justified. Fed. R. Civ. P. 60(b)(6).

IV. Conclusion

Accordingly, Wu's Motion to Amend her Certificate of Naturalization under Rule 60(b) [#1] is ALLOWED. In light of the evidence Wu submitted with her petition, the court finds that Wu was born on October 18, 1952. The court ORDERS that Wu's naturalization certificate, originally issued by this court on May 21, 1981, is hereby AMENDED to reflect Wu's correct date of birth of October 18, 1952. The Clerk shall send a certified copy of this Order to Wu.

The government shall file a status report by January 15, 2020, indicating whether this matter is resolved and, if the matter is not resolved, what, if any, further action by the court is necessary to its resolution.

IT IS SO ORDERED.

December 17, 2019

/s/ Indira Talwani
United States District Judge